PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF SIERRA THOMAS, *etc.*, ) | |
| ) | CASE NO. 5:11CV1960 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CIMSA INGENIERIA DE ) | |
| SISTEMAS, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 46] |

This action is before the Court upon Defendant Parachute Laboratories, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Dismiss or Transfer for Improper Venue (ECF No. 46). The Court has been advised, having reviewed the record, the parties' briefs[1] and the applicable law. For the reasons stated herein, the motion is denied.

Plaintiff's decedent, Sierra Thomas, was fatally injured in a tandem skydiving accident on September 19, 2009 at the Cleveland Parachute Club in the Northern District of Ohio. Plaintiff is the estate of the deceased novice tandem passenger, who perished along with her instructor when

---

[1] Defendant Parachute Laboratories, Inc. did not file a reply memorandum. The memorandum in opposition was served and filed electronically through the transmission facilities of the Court on August 16, 2012. Local Rule 7.1(e) provides:
> . . . the moving party may serve and file a reply memorandum in support of any dispositive motion within fourteen (14) days after service of the memorandum in opposition . . . . If the moving party was served with the memorandum in opposition under Fed. R. Civ. P. 5(b)(2)(C), (D), (E) or (F), three days shall be added to the prescribed period as provided in Fed. R. Civ. P. 6(d).

Defendant Parachute Laboratories, Inc.'s permissive reply memorandum was, therefore, due on September 4, 2012. Thus, the time for filing a reply has elapsed without a reply brief in support of the motion having been filed. *See* Local Rule 7.1(g).

(5:11CV1960)

the main parachute failed to deploy correctly, and the reserve parachute failed to deploy at all. Defendant Parachute Laboratories, Inc. is a Florida for profit corporation with its principal place of business in DeLand, Florida. Affidavit of Nancy LaRiviere (ECF No. 43-2) at ¶ 1. It "manufactures the Elite Trainer Tandem harness and container system used by Cleveland Parachute Center, Inc., a [prior] defendant in this lawsuit. Each user of the harness and container system, whether a tandem instructor or a tandem passenger (skydiving student), must sign a document entitled ['Parachute Labs, Inc. DBA Jump Shack ASSUMPTION OF RISK AGREEMENT & COVENANT NOT TO SUE']." ECF No. 43-2 at ¶ 12. The Agreement & Covenant Not to Sue (ECF No. 43-6) includes a forum selection clause choosing Florida as the forum for litigation. It provides in pertinent part:

> . . . In the event this Agreement is violated and suit is brought against any of the organizations and/or persons described in paragraph 2 (A) through (H) above, I waive my right to a jury trial, and agree that Volusia County, Florida shall be the sole venue for any suit or action arising from the activities covered by this Agreement. . . .

*Id.* at 3, ¶ 7.

### I.

When a federal court has "federal question [jurisdiction], personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (second and third alterations in original) (internal quotation marks omitted). Where, as in the present case, the Court decides a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of making a prima facie showing that the court

2

(5:11CV1960)

has personal jurisdiction over the defendant.  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *see also American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988) (describing the burden on the plaintiff in such a case as "relatively slight").  To meet this burden, the plaintiff must establish "with reasonable particularity" sufficient contacts between the defendant and the forum state to support jurisdiction.  *Neogen*, 282 F.3d at 887; *see also Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) ("[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.").  In evaluating the plaintiff's response to the motion to dismiss, the Court construes the facts in the light most favorable to the plaintiff and disregards contradictory evidence proffered by the defendant. *Neogen*, 282 F.3d at 887.

      The Court adheres to its previously expressed inclination and denies the motion to dismiss for lack of personal jurisdiction given that (1) Defendant Parachute Laboratories, Inc. has sold products for delivery in the State of Ohio (ECF Nos. 43 at 3 and 43-1 at 2 ("it is likely that Defendant's equipment has been bought by skydivers in the State of Ohio")) and (2) the "Parachute Labs, Inc. DBA Jump Shack ASSUMPTION OF RISK AGREEMENT & COVENANT NOT TO SUE" (ECF No. 43-6) was signed by Plaintiff's decedent in Ohio.  *See* Order (ECF No. 45) at 4.

      Moreover, Defendant Parachute Laboratories, Inc. maintains an interactive, commercial website (http://www.jumpshack.com), accessible from anywhere.  Through this website, Defendant Parachute Laboratories, Inc. lists dealers that carry its products for the local markets, and among these dealers is a listing for Cleveland Sport Parachuting Center in Ohio.  *See* Dealers Listing from Defendant Parachute Laboratories, Inc.'s Website (ECF No. 48-1).  Where courts have exercised

3

(5:11CV1960)

personal jurisdiction on the basis of an interactive commercial website, they have specifically noted the existence of something more than the mere accessibility of the website by residents of the forum state to demonstrate that the defendant directed its activity towards the forum state. *See, e.g.*, *Sony/ATV Music Pub. LLC v. CA VS USA, Inc.*, No. 3:08-0265, 2009 WL 2177110, at *5 (M.D.Tenn. July 21, 2009) (concluding that the maintenance of a website, coupled with the defendant's contracts with a Tennessee resident and its marketing through its distributors who sell to Tennessee residents showed a purposeful availment of the laws and protections of the forum); *Word Music, LLC v. Priddis Music, Inc.*, No. 3:07cv0502, 2007 WL 3231835, at *7 (M.D.Tenn. Oct. 30, 2007) (finding purposeful availment based on the interactivity and accessibility of the website, and the fact that at least one forum state resident purchased and received the product from the website and was then further solicited by the defendant to order more product).

    The Court agrees with Plaintiff that Ohio's long-arm statute, Ohio Rev. Code § 2307.382, authorizes jurisdiction over Defendant Parachute Laboratories, Inc. Furthermore, the Court finds that the exercise of jurisdiction is reasonable and that due process is satisfied. The Court is convinced that Plaintiff has established "with reasonable particularity" sufficient contacts between Defendant Parachute Laboratories, Inc. and Ohio. The Court finds that Plaintiff has made a prima facie showing that the Court has personal jurisdiction over Defendant Parachute Laboratories, Inc.

**II.**

    Defendant Parachute Laboratories, Inc.'s also argues that the Court should dismiss or

4

(5:11CV1960)

transfer the case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3)[2] and (6) and 28 U.S.C. § 1404(a). According to Defendant Parachute Laboratories, Inc., venue in the Northern District of Ohio is improper under 28 U.S.C. § 1391(b). In the alternative, the movant requests that the Court transfer this action to the "United States District Court for the [Middle] District of Florida." ECF No. 46 at 6.

The Court's authority to transfer venue is based on two statutes, 28 U.S.C. §§ 1404(a) and 1406(a). Section 1406(a) allows a district court to grant a change of venue when venue was improper in the original forum. Specifically, § 1406(a) provides that a district court with a case "laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." Section 1406(a) does not require that this Court have personal jurisdiction over the defendant before transferring the case. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) (utilizing § 1406(a) to transfer a case where there was both improper venue and lack of personal jurisdiction in the transferor forum); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993).

The proper venue for civil actions in which jurisdiction for the federal court is not based on diversity of citizenship is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. §

---

[2] The Sixth Circuit has ruled that a forum selection clause cannot be enforced under Rule 12(b)(3) which is used to challenge improper venue under the venue statute, not under a forum selection clause. *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002).

5

(5:11CV1960)

1391(b).  The Court finds that venue is proper in the Northern District of Ohio under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim, in fact the entire incident, occurred in the Northern District of Ohio.

Section 1404(a) permits a change of venue for the convenience of parties and witnesses as well as the interest of justice.  It provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . .

The following factors enter into a court's consideration of a motion for change of venue:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interests of justice; and (4) whether the civil action might have been brought in the district to which the movant requests a transfer.

*Roberts Metals v. Florida Properties Marketing*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991), *aff'd* No. 93-1562, 1994 WL 84735 (Fed. Cir. March 14, 1994).  Further, two additional factors that courts consider are plaintiff's choice of forum and the respective docket loads of the two district courts.  *Id.* at 92, n. 2.  *See also Armco, Inc. v. Reliance National Insurance Company*, No. C-1-96-1149, 1997 WL 311474, at *4 (S.D.Ohio May 30, 1997) ("the balance need not be 'strongly in favor' of the party seeking the transfer, but rather need only favor the party seeking the transfer"); *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 394 (E.D. Mich. 1982).  The language of the statute also indicates that the Court has broad discretion in ruling on such motions. *Mead Data Central, Inc. v. West Publishing Co.*, 679 F.Supp. 1455, 1457 (S.D.Ohio 1987) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).  In weighing the above relevant factors, the Court holds that Defendant Parachute Laboratories, Inc. has not met its burden of proving that transfer is appropriate.

(5:11CV1960)

When a district court reviews a motion to transfer venue under § 1404(a), the forum selection clause should figure "centrally in the District Court's calculus," but the district court should also consider "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1136-37 (6th Cir. 1991) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988)).

Plaintiff argues that the forum selection clause is unenforceable. The enforceability of a forum selection clause in a contract is a question of law. *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir.1995). The Sixth Circuit has adopted a three-pronged test to determine the validity of a forum selection clause: "(1) the commercial nature of the contract; (2) the absence of fraud or overreaching; and (3) whether enforcement of the forum selection clause would otherwise be unreasonable or unjust." *Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 721 (6th Cir. 2006). There are no allegations of fraud or overreaching by Defendant Parachute Laboratories, Inc.

Plaintiff argues that the forum selection clause is unenforceable for two reasons and as such it is not bound by the referenced clause. First, as an individual purchasing a tandem skydive ride, Plaintiff's decedent was a consumer. *See Preferred Capital, Inc. v. Power Engineering Group, Inc.*, 112 Ohio St.3d 429, 431-32 (2007) (the Ohio Supreme Court recognized, in a case between two commercial entities, that forum selection clauses are less readily enforceable against consumers than commercial forum selection clauses between for-profit business entities which are considered prima facie valid). While Ohio courts have held that forum selection clauses are less

7

(5:11CV1960)

readily enforceable against consumers, that is a distinction that federal courts do not recognize. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 827 (6th Cir. 2009) (citing *Info. Leasing Corp. v. Jaskot*, 151 Ohio App.3d 546, 551 (Ohio App. 1st Dist. 2003)). The federal courts have held that forum selection clauses are presumptively valid even in boilerplate contracts, or contracts of adhesion, arising between a cruise line and its noncommercial, consumer passengers. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991).

Second, it would be unreasonable and unjust to enforce the forum selection clause against an unsophisticated consumer. "A finding of unreasonableness or injustice must . . . be based on more than inconvenience to the party seeking to avoid the forum-selection clause's requirements." *Info. Leasing Corp.*, 151 Ohio App.3d at 552. Rather, enforcement of the clause must result in a manifest and grave inconvenience to the party seeking to avoid enforcement such that the party would be "effectively deprived of a meaningful day in court." *Id.* (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 19 (1972)). In other words, the Court must decide "whether the chosen forum is so inconvenient as to, in effect, afford no remedy at all, thus 'depriv[ing] litigants of their day in court.' " *Info. Leasing Corp.*, 151 Ohio App.3d at 552 (citations omitted).

The Court is not persuaded that the claims against Defendant Parachute Laboratories, Inc. in this action should be adjudicated in the Middle District of Florida. The Court concludes that Plaintiff's alleged inconvenience in having to litigate the matter in Florida is sufficient to overcome Plaintiff's decedent's agreement to litigate in Volusia County, Florida. This is especially true as the alleged inconvenience to Defendant Parachute Laboratories, Inc. ignores the burden of Plaintiff (who is from Ohio) to try the case in Florida. Any evidence, as well as all of Plaintiff's files,

8

(5:11CV1960)

materials, and records, exist in Ohio. The site of the incident is in Ohio. Finally, the independent investigators, sheriff's deputies, and medical personnel who responded to the scene are in Ohio.

### III.

For the reasons stated above, Defendant Parachute Laboratories, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Dismiss or Transfer for Improper Venue (ECF No. 46) is denied.

Counsel are reminded that the next Status Conference will be held November 5, 2012 at 12:00 p.m., noon. The conference will be conducted via telephone unless circumstances require otherwise. Defendant's attorney, Lee P. McMillian is to setup the conference call. Parties attendance is welcome, but not mandatory. Counsel should notify the Court in advance of a Status Conference if the matter has settled.

IT IS SO ORDERED.

| | |
|---|---|
| October 26, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |